## United States Bankruptcy Court
### District of New Hampshire

| | | |
|---|---|---|
| In re **Barry J. and Sally A. Caravan** | Case No. | **14-12055-JMD** |
| Debtor | Chapter | **11** |

### AMENDED PLAN OF REORGANIZATION, DATED AUGUST 12, 2016

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of **Barry and Sally Caravan** (hereinafter referred to as the "Debtor" unless the context requires otherwise) from revenues from rental properties they own as well as income from their employment.

This Plan provides for **6** classes of secured claims; 1 class of unsecured claims; and **1** class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **100.00** cents on the dollar. This Plan also provides for the payment of administrative, priority, pre- & post-petition arrears claims and convenience class claims in full on the effective date of this Plan with respect to any such claim to the extent permitted by the Code or the claimant's agreement.

All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.1    Unclassified. All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.2    Classes 1A, 1B, 1C, 2A, 2B, 2C. The claims of the secured creditors holding claims against realty, to the extent allowed as a secured claims under § 506 of the Code.

2.3    Class 3.  All unsecured claims allowed under § 502 of the Code.

2.4    Class 4. The interests of the individual Debtor in property of the estate.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
## U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.1    Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.2    Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.3    Priority Tax Claims.  There are no priority tax claims in this case.

3.4    United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Admin Claims:<br>Attorney Fees<br>Quarterly UST fees | Unimpaired<br>$5,000 ch 11 fee paid. $0 due. | These claims will be paid in full, in cash, upon the effective date of this Plan |

| Class # | Description | Insider?<br>(Yes or No) | Impairment | Treatment | |
|---|---|---|---|---|---|
| 1A | *Secure claim of:*<br>Name = **Wells Fargo Bank NA**<br><br>Collateral Description = **42 Laurel St, Newport NH**<br><br>Allowed Secured Amount =$**95,000**<br><br>Priority of lien = **Fully Secured by Mortgage**<br><br>Principal owed =**$95,000**<br><br>Post-petition taxes and insurance paid by Mortgage holder= **$8,904.08**<br><br>Total claim =$82,765.39 | NO | Impaired<br><br>**Cramdown:** Interest rate reduction to 5.5% for 222 months. | Monthly payment $656.81 p&i + $353.01/m escrowed taxes & ins are subject to change in the future.<br>Pmts Begin<br><br>Pmts End<br><br>Interest rate %<br>(Rate reduced from 7.375% to 5.5%<br><br>Treatment of Lien<br><br>Post-Petition amount to be paid to mortgage holder on effective date of Plan. | = **$1,009.82**<br><br><br><br><br>= **October 1, 2016**<br><br>= **Apr 1, 2035**<br><br>= **5.5%**<br><br><br><br>= **Fully Secured**<br><br>= **$8,904.08** |
| 1B | *Secure claim of:*<br>Name = **Wells Fargo Bank NA**<br><br>Collateral Description = **48 Laurel St, Newport NH**<br><br>Allowed Secured Amount =**$120,000**<br><br>Priority of lien = **Fully Secured by 1st Mortgage**<br><br>Principal owed = **$120,000**<br><br>Post-Ptn taxes and insurance paid by Mortgage holder = **$17,984.94**<br><br>Total claim = $169,360.22<br>Deficiency amount is $49,360.22, which is addressed in Class 3. | NO | Impaired<br><br>**Cramdown**: Interest rate reduction to 5.5% for 222 months.<br><br>Balance reduced to FMV of $120,000 | Monthly payment $862.53 P&I + $715.36/m escrowed taxes & ins are subject to change in the future.<br>Pmts Begin<br><br>Pmts End<br><br><br>Interest rate %<br>(Rate reduced from 7.375% to 5.5%<br><br>Treatment of Lien<br><br>Post-Petition amount to be paid to mortgage holder on effective date of Plan. | = **$1,578.36**<br><br><br><br><br>= **Oct 1, 2016**<br><br>= **Apr 1, 2035**<br><br>= **5.5%**<br><br><br><br>= **Fully Secured**<br><br>=**$17,984.94** |

| | | | | | |
|---|---|---|---|---|---|
| 1C | *Secure claim of:*<br>Name = **JP Morgan Chase Bank NA**<br><br>Collateral Description = **83 West Main St, Bradford NH**<br><br>Allowed Secured Amount = $**103,000.00**<br><br>Priority of lien = **Fully Secured 1st Mortgage**<br><br>Principal owed = $**103,000.00**<br><br>Post-Ptn taxes and insurance paid by Mortgage holder = $**12,157.62**<br><br>Total claim =$120,210.70<br>Deficiency amount is $17,210.70, which is addressed in Class 3. | **NO** | Impaired<br><br>**Cramdown:** Interest rate reduction to 5.5% for remaining term of loan.<br><br>Balance reduced to FMV of $103,000<br><br>Term extended to 360 months | Monthly payment $584.82 p&i + $614.78 escrowed taxes & ins are subject to change in the future.<br>Pmts Begin<br><br>Pmts End<br><br>Post-Ptn Taxes<br><br>Interest rate %<br>Rate reduced from 6.25% to 5%<br>Treatment of Lien<br><br>Post-Petition amount to be paid to mortgage holder on effective date of Plan. | = **$1,199.60**<br><br><br><br>= **Oct 1, 2016**<br><br>= **Oct 1, 2046**<br><br>= **$12,157.62**<br><br>= **5%**<br><br><br>= **Fully Secured**<br><br>= **$12,157.62** |
| 2A | *Secure claim of:*<br>Name = **FNMA**<br><br>Collateral Description = **66 Morse Hill Road, Newbury NH-HOMESTEAD OF JOINT DEBTOR Sally Caravan**<br><br>Allowed Secured Amount =$185,000<br><br>Priority of lien = **First Mortgage**<br><br>Principal owed =**$185,000**<br><br>Pre-pet. arrearage = **$9,461.19-Disputed**<br><br>Total claim =$**185,000** | **NO** | Unimpaired<br><br>Debtor to continue paying under the original terms of the mortgage. | Monthly payment per existing mortgage<br><br>Pmts Begin<br><br>Pmts End<br><br>Interest rate %<br><br>Treatment of Lien<br><br>Pre- & Post Petition arrears to be paid to mortgage holder on effective date of Plan. | = **$1,419.90**<br><br><br>= **Original terms**<br><br>= **Original terms**<br><br>= **5.375%**<br><br>= **fully secured**<br><br>= no greater amount than $9,461.19 |
| 2B | *Secure claim of:*<br>Name = **Citibank NA**<br><br>Collateral Description = **66 Morse Hill Road, Newbury NH-HOMESTEAD OF JOINT DEBTOR Sally Caravan**<br><br>Allowed Secured Amount =$**71,000**<br><br>Priority of lien = **partially secured 2nd mortgage**<br><br>Principal owed = **$71,000**<br><br>Pre-pet. arrearage =**$0.00**<br><br>Total claim = **$71,000** | | Unimpaired<br><br>Debtor to continue paying under the original terms of the mortgage. | Monthly payment<br><br>Pmts Begin<br><br>Pmts End<br><br>Pre-Ptn Arrears<br><br>Interest rate %<br><br>Treatment of Lien | = **$320.22**<br><br>= **Original terms**<br><br>= **Original terms**<br><br>= **$0.00**<br><br>= **0%**<br><br>= **partially secured 2nd mortgage** |

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 2C | *Secure claim of:*<br>Name = **Ocwen Loan Servicing LLC**<br><br>Collateral Description = **148 Laurel St, Newport NH**<br><br>Allowed Secured Amount =$**99,464.70**<br><br>Priority of lien = Fully Secured<br><br>Principal owed = $**99,464.70**<br><br>Pre-pet. arrears of $217.34 was paid since filing of petition.<br><br>Total claim =$**99,464.70** | Impaired<br><br>**Cramdown:** Interest rate reduction to 5.5% for 222 months. | Monthly payment        = **$1,037.93**<br>$714.93 per existing mortgage + escrow of $323.00 - subject to change in the future.<br><br>Pmts Begin        = **Oct 1, 2016**<br><br>Pmts End        = **July 1, 2046**<br><br>Arrears        = **none/paid**<br><br>Interest rate %        = **6.875%**<br><br>Treatment of Lien        = **Fully Secured** |
| Class # | Description | Impairment | Treatment |
| 3 | [1122(b) Convenience Class]<br>RBS Citizens CC           $2,441.22<br>Ally Financial LLC              paid off<br>Gragil Assoc, Inc.         $1,442.00<br><br>**Wells Fargo Bank NA**<br>  Re: **48 Laurel St, Newport NH**<br>  Deficiency amount              $49,360.22<br><br>**JP Morgan Chase Bank NA**<br>  Re: **83 West Main St, Bradford NH**<br>  Deficiency amount              $17,210.70<br><br>Total Deficiency claims:        **$66,570.92** | | Convenience Class to be paid in full in cash on effective date of the Plan.<br><br>Deficiency claims will be paid monthly over a five year period. Total disposable income over said 5 year period is $34,200.00.<br><br>Class 3 monthly payments will total be $570.00, with $147.36 paid to Wells Fargo and $422.64 paid to JP Morgan Chase each month for five years. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

     5.1    <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

     5.2    <u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

     5.3    <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

     6.1    <u>Assumed Executory Contracts and Unexpired Leases</u>.

     (a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan:

| Name of Other Parties to Lease or Contract | Description of Contract or Lease |
|---|---|

| Present tenants of the rental units at 42, 48 and 83. | Leases of residential rental units |
|---|---|

(b)     The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **thirty** (30) days after the date of the order confirming this Plan.

## ARTICLE VII

## MEANS FOR IMPLEMENTATION OF THE PLAN

Debtor has been maintaining the rental units since the inception of the case, collecting rents and holding funds in the DIP account anticipating confirmation of the plan. With funds on hand, Debtor expects to be able to pay the US Trustee fees, the convenience class claims, the post-petition property tax and insurance advances, and create a reserve fund for needed capital improvement projects on the rental units. Debtor has budgeted sufficient funds from the anticipated revenues to pay the crammed down mortgage payments, the utility and maintenance payments, expected capital improvements, anticipated vacancy reserves and management fees to make the continued operation of the rental units feasible. Debtor will continue with their present employment to continue to pay their living expenses, including mortgage payments, utilities and personal maintenance of their respective households.

## ARTICLE VIII

## GENERAL PROVISIONS

8.1     Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.2     Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.3     Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.4     Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.5     Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

## ARTICLE IX
## DISCHARGE

9.01    Discharge.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.  Deadline for Objections to Discharge is _____.

## ARTICLE X

## OTHER PROVISIONS

**None as of August 12, 2016.**

Respectfully submitted,
By:  /s/ Barry J. Caravan        /s/Sally A. Caravan

6

**Barry J. Caravan**     **Sally A. Caravan**
The Plan Proponents

By: **/s/ Robert L. O'Brien**
**Robert L. O'Brien 15358**
Attorney for the Plan Proponents